1  Daniel S. Rodman
   Nevada Bar No. 8239
2  Morgan T. Petrelli
   Nevada Bar No. 13221
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway, Suite 1100
4  Las Vegas, NV 89169
   Telephone: (702) 784-5200
5  Facsimile: (702) 784-5252
   Email: drodman@swlaw.com
6  Email: mpetrelli@swlaw.com

7  *Attorneys for Defendant*
   *Toyota Motor Sales, U.S.A. Inc.*

8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10  CAROL SIMON, an individual,              Case No.: 2:14-CV-00868-APG-CWH

11                  Plaintiff,

12  vs.                                      **STIPULATED PROTECTIVE ORDER**

13  TOYOTA MOTOR SALES, U.S.A., INC., a
    California Corporation; TOYOTA MOTOR
14  NORTH AMERICA, INC., a California
    Corporation; TOYOTA MOTOR
15  ENGINEERING & MANUFACTURING
    NORTH AMERICA, INC., a KENTUCKY
16  Corporation; DOES I through X; ROE
    CORPORATIONS I through X, inclusive,
17

18                  Defendants.

19        In order to preserve and maintain the confidentiality of certain confidential, commercially

20  sensitive and proprietary technical documents to be produced by Toyota Motor Sales, U.S.A., Inc.

21  ("TMS") in this action,

22  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

23        1.    Documents to be produced by TMS or Plaintiff in this litigation which contain

24  confidential information shall hereafter be referred to as "Protected Documents." Any document

25  or any information designated as "Subject to Protective Order," or other similar language in

26  accordance with the provisions of this Stipulated Protective Order ("Order"), shall only be used,

27  shown or disclosed as provided in this Order.

28        2.    As used in this Order, the term "documents" means all written material, videotapes

11423353v1

8. Before receiving access to any of the Protected Documents or the information contained therein, each person described in Paragraphs 6(b) and (c) above shall be advised of the terms of this Order. Each person described in Paragraph 6(c) shall be given a copy of this Protective Order, and shall agree in writing, in the form attached hereto as "Exhibit A," to be bound by its terms and to submit to the jurisdiction of this Court. Counsel of Record shall retain each such executed "Exhibit A" and shall keep a list identifying: (a) all persons described in paragraphs 6(b) and (c) above to whom Protected Documents have been disclosed; and, (b) all Protected Documents disclosed to such persons. Upon TMS' request and a good faith basis, such as a reasonable belief that the terms and provisions of this Order have been or are in jeopardy of being violated, Counsel of Record shall provide within three (3) business days, a copy of such list, together with copies of the written agreements executed by persons described in subparagraph 6(b) and 6 (c) above.

9. As the Protected Documents may only be distributed to "Qualified Persons," Plaintiff's Counsel, Defendant's Counsel, and all persons described in paragraph 6 above may not post Protected Documents on any website or Internet accessible document repository.

10. Prior to filing any documents with the Court that contain any portion of any Protected Document or information taken from any Protected Document, that party must file a motion for an order sealing the documents consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and consistent with Local Rule 10-5(b). A copy of the motion to seal must be served on all parties who have appeared in the case. When filing the motion, the filing party will cite to the Court the grounds for filing any Protected Document under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law. Whenever possible, disputes regarding confidentiality designations should be resolved before any Protected Document or any document containing or referencing it is filed with the Court. For any item of any Protected Document which a designation dispute has not been resolved, that item and any document containing or referencing it will be filed under seal (at

11423353v1

- 3 -

1   least provisionally).

2        11.    Any attorney wishing to file or submit to the Court any Protected Document, or

3   any affidavits, memoranda, exhibits or other papers containing or making reference to Protected

4   Document, then such attorney shall first consider whether redacting portions of such materials

5   that contain or refer to confidential information is practical and will protect the Protected

6   Document while leaving other non-confidential information meaningful, as required by *Foltz v.*

7   *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).  If so, redacted versions of such

8   materials shall be filed with the Court according to the standard filing procedures.

9        12.    Any court reporter or transcriber who reports or transcribes testimony in this

10  action shall agree that all confidential information designated as such under this Order shall

11  remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this

12  Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits)

13  will be retained by the reporter or delivered to counsel of record.

14       13.    To the extent that Protected Documents or information obtained therefrom are

15  used in the taking of depositions and/or used as exhibits at trial, or to the extent that deposition

16  testimony is otherwise marked "confidential," such documents, information and/or testimony

17  shall remain subject to the provisions of this Order, along with the transcript pages of the

18  deposition testimony and/or trial testimony dealing with the Protected Documents, information

19  and/or testimony.

20       14.    Inadvertent or unintentional production of documents or information containing

21  information which should have been designated as "confidential" shall not be deemed a waiver in

22  whole or in part of the party's claims of confidentiality.

23       15.    This Order may not be waived, modified, abandoned or terminated, in whole or

24  part, except by an instrument in writing signed by the parties.  If any provision of this Order shall

25  be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

26       16.    After termination of this litigation, the provisions of this Order shall continue to be

27  binding.  This Court retains and shall have jurisdiction over the parties and recipients of the

28  Protected Documents for enforcement of the provisions of this Order following termination of

11423353v1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1   this litigation.

2        17.    This Order shall be binding upon the parties hereto, upon their attorneys, and upon

3   the parties' and their attorneys' successors, executors, personal representatives, administrators,

4   heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent

5   contractors, or other persons or organizations over which they have control.

6        18.    All persons described in paragraph 6 above shall not under any circumstance sell,

7   offer for sale, advertise, publicize, or distribute either the Protected Documents and the

8   confidential information contained therein or the fact that such persons have obtained Protected

9   Documents and confidential information.

10        19.    Within forty-five (45) days after the conclusion of this case, counsel for the parties

11   who received Protected Documents shall return to producing counsel the Protected Documents

12   and all copies including any documents which any such party disclosed to any person described in

13   paragraph 6(c) above.

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

11423353v1

Dated: January 30th, 2015.

SNELL & WILMER L.L.P.

By: _____
Daniel S. Rodman, Esq.
Morgan T. Petrelli, Esq.
3883 Howard Hughes Pkwy., Ste. 1100
Las Vegas, NV 89169

Attorneys for Defendant Toyota Motor
Sales, U.S.A. Inc.,

Dated: January 30th, 2015.

MAIER GUTIERREZ AYON

By: _____
Joseph A. Gutierrez, Esq.
Luis A. Ayon, Esq.
Kathryn L. Butler, Esq.
400 South Seventh Street, Suite 400
Las Vegas, NV 89101

Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED.

DATED: February 2, 2015

_____
U.S. MAGISTRATE JUDGE

Prepared and Submitted by:
SNELL & WILMER L.L.P.

_____
Daniel S. Rodman
Nevada Bar No. 8239
Morgan Petrelli
Nevada Bar No. 13221
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant*
*Toyota Motor Sales, U.S.A., Inc.*

11423353v1

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROL SIMON, an individual, | Case No.: 2:14-CV-00868-APG-CWH |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; TOYOTA MOTOR NORTH AMERICA, INC., a California Corporation; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., a KENTUCKY Corporation; DOES I through X; ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Stipulated Protective Order ("Order") in this action governing the non-disclosure of those any Protected Documents. I agree that I will not disclose such Protected Documents to anyone except as expressly permitted by the Order and only for purposes of this action, and that at the conclusion of the action I will return all such Protected Documents to the party or attorney from whom I received it.  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Nevada for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

DATED this _____ day of _____, 2015.

_____

11423353v1